Metal Mart, LLC, Plaintiff-Appellant,
v.
Dale Steger, Michael Tachick, James Blask, Speedy Metals, LLC, W/S Machine & Tool, Inc., and William Orne, Defendants-Respondents,
ABC Company and John Doe, Defendants.
No. 03-3098.
Court of Appeals of Wisconsin.
Opinion Filed: August 18, 2004.
Before Brown, Nettesheim and Snyder, JJ.
¶1 PER CURIAM.
Metal Mart, LLC appeals from a judgment dismissing its claim for a breach of the duty of loyalty against former employees Dale Steger and Michael Tachick, and its claim for conversion against those former employees, W/S Machine & Tool, Inc., William Orne, and Speedy Metals, LLC (collectively, Speedy Metals). Metal Mart argues that as a matter of law Steger and Tachick breached their duty of loyalty and Speedy Metals converted Metal Mart's computer software. It also argues that certain deposition testimony was improperly admitted at trial. We conclude that Metal Mart waived its claim that a determination could be made as a matter of law and that it is simply changing its legal theory on appeal to a theory not raised during trial. The deposition testimony was properly admitted and a new trial is not warranted. We affirm the judgment.
¶2 Metal Mart engaged in the business of selling small quantities of metal to machine shops, maintenance departments, home shops, fix-it-men, and others. It developed computer software that permits the salesperson to simultaneously quote prices, take the order, prepare the shipping documents, control inventory, and keep records of the sales and profits. Steger was a longtime Metal Mart employee and at the time of his resignation on July 13, 2001 was Director of Branch Operations. Tachick was Metal Mart's Sales Manager when his employment was terminated on July 12, 2001. James Blask was Metal Mart's Manager of Operations when he resigned on July 17, 2001.
¶3 In March 2001, Metal Mart managers were informed that the company was having financial difficulties. From late March through mid-July 2001, Steger and Tachick consulted with Orne and W/S Machine to create Speedy Metals, a business intended to sell small quantities of metal. Steger and Tachick met with two computer programmers to develop computer software to be utilized by Speedy Metals. Some of the meetings took place at Metal Mart's place of business and on at least one occasion the programmers viewed the screens and functions generated by Metal Mart's software. After the software was created, Steger tested and revised the program. Steger also searched for and procured the site from which Speedy Metals eventually operated its business. Speedy Metals opened for business on September 4, 2001. Steger, Tachick and Blask all worked at Speedy Metals.
¶4 Metal Mart commenced this action asserting a claim for unjust enrichment against Steger, Tachick, and Blask (for breach of the duty of loyalty owed to an employer) and alleging that all defendants had misappropriated Metal Mart's computer software as a trade secret, converted the software, conspired to take Metal Mart's property, and intentionally accessed a protected computer without authorization. A jury trial was held. The jury rejected Metal Mart's claims. By its motion after verdict, Metal Mart sought a new trial or a change in jury answers in the interest of justice and on the grounds that the verdict was perverse as contrary to the manifest weight of the evidence at trial, that video deposition testimony was improperly admitted, and that the verdict was the result of jury sympathy, prejudice and bias. The motion was denied and judgment was entered dismissing Metal Mart's claims.
¶5 On appeal Metal Mart contends that as a matter of law Steger and Tachick, as managerial employees, breached their duty of loyalty because they engaged in substantial activities adverse to the best interests of Metal Mart and failed to disclose their activities in preparation for entering into a competing business. See Abbott Labs. v. Norse Chem. Corp., 33 Wis. 2d 445, 455, 147 N.W.2d 529 (1967).[1] We conclude that this argument is waived because it was never raised in the trial court. See Rizzuto v. Cincinnati Ins. Co., 2003 WI App 59, ¶24, 261 Wis. 2d 581, 659 N.W.2d 476 (generally appellate court will not review an issue raised for the first time on appeal). At trial the breach of the duty of loyalty claim was tried as an unjust enrichment claimthat by accepting wages from Metal Mart at a time when they were devoting their efforts to creating a competing business, the individual employees were unjustly enriched. Metal Mart did not make a motion for a directed verdict at the close of the evidence on the grounds it now asserts.[2] Its motion after verdict did not argue the issue it now asserts. Further, Metal Mart did not request a jury instruction encompassing a duty to disclose as an element of the duty of loyalty.[3] Metal Mart is attempting to secure a reversal based on a theory of law not advanced at trial. We will not consider the new legal theory. State v. Rogers, 196 Wis. 2d 817, 826, 539 N.W.2d 897 (Ct. App. 1995) ("[A] party seeking reversal may not advance arguments on appeal which were not presented to the trial court."). See also Van Lare v. Vogt, Inc., 2004 WI 110, ¶¶39-40, ___ Wis. 2d ___, 683 N.W.2d 46 (the plaintiff elected to proceed on one theory and a new trial is not justified to revive an abandoned theory).
¶6 The same is true of Metal Mart's claim that as a matter of law Speedy Metals converted Metal Mart's computer software. That issue was never raised in the trial court.
¶7 We further reject Metal Mart's attempt to characterize the issues as questions of law based on uncontroverted evidence. The real issue is whether the evidence supports the jury verdict.[4] The jury's verdict will be sustained if there is any credible evidence to support it. Morden v. Cont'l AG, 2000 WI 51, ¶38, 235 Wis. 2d 325, 611 N.W.2d 659. We review evidence in a light most favorable to the jury's determination in recognition of the jury's role to determine the credibility of witnesses and the weight given to their testimony. Id., ¶39. When the trial court approves the jury's verdict, special deference to a jury determination is afforded. Id., ¶40. "In such cases, this court will not overturn the jury's verdict unless `there is such a complete failure of proof that the verdict must be based on speculation.'" Id. (quoted source omitted).
¶8 The evidence was sufficient to permit the jury to conclude that despite making preparations for a competing business, Steger and Tachick did not engage in activity directly adverse to Metal Mart's interest. Also, there was no evidence that Metal Mart's possession of its computer software was interrupted, and therefore, the jury could conclude that the software was not converted. The jury's verdict is supported by sufficient evidence.
¶9 Prior to trial an order in limine precluded any reference at trial to the costs and expenses incurred by Speedy Metals in defending the action. The order provided that such evidence was excluded, "subject to a reconsideration of this issue if, during the course of further discovery, admissible testimony from any source is discovered which would cause such information and issue regarding the costs and expenses incurred by defendants ... to be relevant." At trial, over Metal Mart's objection, the video deposition of Christopher Rich was admitted into evidence. Rich is the chairman of the world's largest supplier of small quantity metals and had conversations in July 2001 about possibly purchasing Metal Mart. Rich's testimony referred to Metal Mart's position that the litigation would be expensive for Speedy Metals and that as a potential purchaser, Rich should not be concerned about Speedy Metals. Rich had also discussed with Steger the possibility of acquiring an equity interest in Speedy Metals in order to offset legal costs. Steger indicated to Rich that it was going to take up to $150,000 to fight Metal Mart's action. Rich interpreted the situation to be that because a large corporation backed it, Metal Mart was capable of spending Speedy Metals into the ground.
¶10 Metal Mart argues that the admission of Rich's testimony was error because the testimony was not relevant. The trial court's decision to admit certain evidence is reviewed for an erroneous exercise of discretion. Martindale v. Ripp, 2001 WI 113, ¶28, 246 Wis. 2d 67, 629 N.W.2d 698. The decision will be upheld if the trial court examined the relevant facts, applied a proper legal standard, and, using a demonstrated rational process, reached a reasonable conclusion. Id.
¶11 We first reject the suggestion that the admission of Rich's testimony was a violation of the pretrial order. The order included a provision that testimony about the costs of litigation might be admitted if proven relevant at trial. The order left the door open for the trial court to exercise its discretion in admitting the evidence at trial.[5]
¶12 The trial court found Rich's testimony relevant on issues other than the possible intent of Metal Mart to litigate Speedy Metals into the ground. It found that Rich's testimony was relevant to explain the metal supply industry, illustrate that Metal Mart's computer software was not considered a particular strength of the company, and demonstrate that Metal Mart was in financial trouble, thus providing an explanation for Steger's and Tachick's preparation for their own business. Metal Mart was also seeking punitive damages and the jury was required to consider motive, intent, and outrageousness of conduct. Rich was in the unique position of having talked to both sides before the litigation was substantially underway. His testimony also detracted from Metal Mart's representation that it was an innocent player. We conclude that the trial court properly exercised its discretion in admitting Rich's testimony.
¶13 Finally, Metal Mart contends that the trial court erroneously exercised its discretion in denying its motion for a new trial. A trial court's decision to deny a new trial in the interest of justice is reviewed for an erroneous exercise of discretion. Markey v. Hauck, 73 Wis. 2d 165, 171-72, 242 N.W.2d 914 (1976). Metal Mart's argument is based on its view of the evidence and its claim that Rich's testimony was improperly admitted. We have rejected those claims and cannot conclude that the trial court erroneously exercised its discretion in rejecting them as a basis for a new trial.
By the Court.  Judgment affirmed.
NOTES
[1] Speedy Metals argues that Abbott Laboratories v. Norse Chemical Corp., 33 Wis. 2d 445, 455, 147 N.W.2d 529 (1967), has no application to a breach of employee loyalty claim and that it relies on bad law stated in Standard Brands, Inc. v. U.S. Partition & Packaging Corp., 199 F. Supp. 161 (E.D. Wis. 1961). We need not decide if Abbott Laboratories applies to the duty of loyalty owed by an employee.
[2] In response to the defendants' motion to dismiss at the close of Metal Mart's case, Metal Mart stated that summary judgment in its favor was warranted on the unjust enrichment/duty of loyalty claim. Although the trial court recognized the request as one for partial summary judgment and denied it along with the defendants' motion to dismiss, Metal Mart's mere statement that summary judgment was appropriate was insufficient to preserve the issue now raised on appeal. In response to the defendants' motion to dismiss at the close of all the evidence, Metal Mart argued that there was sufficient evidence to send to the jury the claim of unjust enrichment for breach of the duty of loyalty and never suggested it be decided as a matter of law. In arguing that the breach of the duty of loyalty claim against Blask should survive a motion to dismiss, Metal Mart posed the possibility that the jury might find a breach because Blask did not report back to his employer the misappropriation of the computer program. This too was insufficient to preserve the appellate argument.
[3] Metal Mart's proposed instruction and that given to the jury was:

Every employee owes his/her employer the duty of individual loyalty. An employee, however, is free to engage in competition with his/her employer after the employment relationship terminates.
An employee may plan and develop his/her competitive enterprise during the course of his/her employment provided the particular activity engaged in is not against the best interest of his/her employer.
[4] Metal Mart moved the trial court to change answers in the verdict. It thereby preserved for appeal a claim that the evidence was insufficient to support the verdict. See Toulon v. Nagle, 67 Wis. 2d 233, 242, 226 N.W.2d 480 (1975) (a motion to change answers of the special verdict questions the sufficiency of the evidence to support those answers).
[5] We further reject Speedy Metals' contention that Metal Mart waived any objection to Rich's testimony because it did not object during the deposition based on the pretrial order. Although Rich's deposition was taken after entry of the pretrial order, the record reflects that Rich's deposition had a discovery component to it. However, Metal Mart's failure to object to particular questions while the testimony was played for the jury was a waiver as to specific testimony and thereby limits Metal Mart to arguing that the entire deposition should have been excluded.